THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TREVOR KEEGAN,<br><br>　　　　　Defendant. | CASE NO. CR22-0204-JCC<br><br>ORDER |

　　　This matter comes before the Court on Defendant's motion for early termination of supervised release. (Dkt. No. 3.) Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

　　　In 2020, Defendant pleaded guilty to Conspiracy to Distribute and Possess 1 Gram or More of a Mixture and Substance Containing Lysergic Acid Diethylamide (LSD) with Intent to Distribute. *See United States v. Keegan*, Case No. CR20-0076-DKW, Dkt. No. 27 (D. Haw. 2020). The Honorable Derrick K. Watson, United States District Judge for the District of Hawaii, sentenced him to 15 months of confinement and two years of supervised release. *Id.*, Dkt. No. 42. Defendant was released from prison in July 2022. *Id.* His supervision was transferred to this District in November 2022. (Dkt. No. 1.) While still in detention, Defendant filed a petition for a writ of habeas corpus, arguing the federal detention center incorrectly calculated the time credits he was eligible to receive under the First Step Act. *Keegan v. Derr*, Case No. C22-0089-LEK-

RT, Dkt. No. 1 (D. Haw. 2022). The Court granted the petition in part, and directed the United States Probation Office to apply fifty additional days of good time credit to Defendant's term of supervised release. *Id.*, Dkt. Nos. 18, 21. Defendant now moves for early termination. (Dkt. No. 3.) In support, he cites compliance with terms of supervision and a potential career opportunity that would require him to travel throughout the United States. (*Id*. at 4–5.)

The Court may terminate a term of supervised release after the completion of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Taking into consideration the fifty days of good time credit, Defendant's time on supervised release now exceeds one year; therefore, consideration of early termination of supervised release is statutorily permissible. The Court must consider several factors in deciding whether early termination is appropriate, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public from further crimes, to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

After careful consideration of the factors described above, the Court does not find that early termination is warranted at this time. While Defendant has complied with the terms of his supervision, including obtaining and maintaining employment, compliance with the terms of supervision is expected and does not render continued supervision inappropriate. *See*, *e.g.*, *United States v. Molina*, 2021 WL 915140, slip op. at 1 (W.D. Wash. 2021) (quoting *United States v. Grossi*, 2011 WL 704364, slip op. at 2 (N.D. Cal. Feb. 18, 2011)) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Although the Court commends Defendant for his behavior so far on supervised release, it nonetheless concludes early termination of supervision is not warranted at this time. Defendant may, if he so chooses, renew his motion for early termination after 18 months of supervised

1  release for this Court to consider at that time.

2      For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 3) is DENIED without prejudice.

    DATED this 28th day of June 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE