THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>TREVOR KEEGAN,<br><br>     Defendant. | CASE NO. CR22-0204-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's renewed motion for early termination of supervised release. (Dkt. No. 5.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

In 2020, Defendant pleaded guilty to Conspiracy to Distribute and Possess 1 Gram or More of a Mixture and Substance Containing Lysergic Acid Diethylamide (LSD) with Intent to Distribute. *See United States v. Keegan*, Case No. CR20-0076-DKW, Dkt. No. 27 (D. Haw. 2020). The Honorable Derrick K. Watson, United States District Judge for the District of Hawaii, sentenced him to 15 months of confinement and two years of supervised release. *Id.*, Dkt. No. 42. Defendant was released in July 2022. *Id.* His supervision was transferred to this District in November 2022. (Dkt. No. 1.) While still in detention, Defendant filed a petition for a writ of habeas corpus, arguing the federal detention center incorrectly calculated the time credits he was eligible to receive under the First Step Act. *Keegan v. Derr*, Case No. C22-0089-LEK-RT, Dkt.

No. 1 (D. Haw. 2022). The Court granted the petition in part and directed the United States Probation Office to apply fifty additional days of good time credit to Defendant's term of supervised release. *Id.*, Dkt. Nos. 18, 21. Defendant then moved for early termination. (Dkt. No. 3.) The Court denied Defendant's motion, (Dkt. No. 4), but stated it would reconsider at the 18-month mark. *Id.* Now, Defendant renews his motion for early termination. (Dkt. No. 5.)

The Court may terminate a term of supervised release after the completion of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Defendant's time on supervised release now exceeds one year; therefore, consideration of early termination of supervised release is statutorily permissible. The Court must consider several factors in deciding whether early termination is appropriate, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public from further crimes, to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

After careful consideration of the factors described above, the Court is satisfied that early termination is warranted. Defendant has complied with the terms of his supervision, has obtained and maintained employment, and, above and beyond compliance with the terms of supervision, has consistently engaged in community work. Though compliance is expected and does not render continued supervision inappropriate, *United States v. Molina*, 2021 WL 915140, slip op. at 1 (W.D. Wash. 2021), Defendant's actions here go beyond terse compliance. This, in the Court's view, justifies early termination.

For the foregoing reasons, Defendant's renewed motion for early termination of supervised release (Dkt. No. 5) is GRANTED.

//

//

DATED this 4th day of December  2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE